NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANK BROWN, | : | Civil Action No. 04-3964 (FLW) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| NEW JERSEY STATE PAROLE BD. et al.,, | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    FRANK BROWN, #490985
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Petitioner Pro Se

**WOLFSON**, District Judge

    Frank Brown filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a decision of the New Jersey State Parole Board denying release on parole and imposing a 15-year future parole eligibility term.  On October 5, 2004, with Petitioner's consent, this Court dismissed the Petition without prejudice for failure to exhaust state court remedies and directed the Clerk to close the file.  On November 14, 2005, this Court granted Petitioner's motion to reopen the file and reinstate the Petition, finding that Petitioner had presented his claims to the Appellate Division and the New Jersey Supreme Court in 2004 and 2005.  However, the Court found that Petitioner had procedurally defaulted his claims and

directed Petitioner to show cause for the procedural default and prejudice attributable thereto or to demonstrate that failure to consider his federal claims will result in a fundamental miscarriage of justice.  See Ylst v. Nunnemaker, 501 U.S. 797 (1991; Harris v. .Reed, 489 U.S. 255, 262 (1989); Murray v. Carrier, 477 U.S. 478, 488 (1986).  In response, Petitioner filed a document entitled, "WRIT OF HABEAS CORPUS FOR CAUSE AND PREJUDICE AND WHY A WRIT SHOULD BE GRANTED OR A FUNDAMENTAL MISCARRIAGE OF JUSTICE WILL OCCUR."  For the reasons expressed below, the Court will dismiss the Petition with prejudice because Petitioner procedurally defaulted his claims and has not shown cause and prejudice or a fundamental miscarriage of justice, and deny a certificate of appealability.

## I.  BACKGROUND

Petitioner, who is serving a life sentence for murder, challenges the New Jersey State Parole Board's decision in February 2001 denying release on parole and imposing a 15-year future eligibility term.  On August 13, 2002, Petitioner and another inmate, Charles Sonntag, filed a Complaint in this Court under 42 U.S.C. § 1983, alleging that his constitutional rights were violated by the participation of Board members who had not been properly confirmed by the New Jersey Senate in proceedings resulting in the denial of parole.  See Sonntag v. Papparozzi, Civil No. 02-3915 (JAP) (D.N.J. filed Aug. 13, 2002).  Judge Pisano granted the defendants' motion to dismiss the Complaint, holding that the defendants were entitled to qualified immunity.  See Sonntag v. Papparozzi, 256 F. Supp. 2d 320, 328-29 (D.N.J. 2003). Petitioner appealed.  On March 19, 2004, the United States Court of Appeals for the Third Circuit affirmed, but remanded for the District Court to modify the order of dismissal so that it was without prejudice.  See Sonntag v. Papparozzi, No. 03-2491 slip op. (3d Cir. March 19,

2004). The Third Circuit held that Petitioner's § 1983 complaint was foreclosed by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because a favorable judgment on the claim would necessarily imply the invalidity of the Board's decision denying parole and the parole decision has not been invalidated in the State courts or via habeas review.  Id.

In July 2004, Petitioner filed the § 2254 Petition presently before this Court.  In response to this Court's Order to Show Cause, on September 8, 2004, Petitioner advised this Court that he had not exhausted state court remedies and requested dismissal of the action without prejudice. By Order entered October 6, 2004, this Court dismissed the Petition without prejudice.

On March 23, 2005, Petitioner filed a motion seeking an order reinstating the Petition, asserting that he had exhausted his claims before the Appellate Division of the Superior Court of New Jersey and the Supreme Court of New Jersey.  Attached to Petitioner's affidavit were an order filed November 30, 2004, in the Appellate Division denying his motion to file a notice of appeal nunc pro tunc; an order filed November 30, 2004, in the Appellate Division granting the motion of the New Jersey State Parole Board to dismiss his appeal as untimely; and an order of the Supreme Court of New Jersey filed March 1, 2005, denying Petitioner's petition for certification.  Finding that Petitioner had exhausted his claims, on November 14, 2005, this Court granted Petitioner's motion to reinstate the Petition, directed the Clerk to reopen the file, and directed Petitioner to show why the claims should not be dismissed as procedurally defaulted.

## II.  DISCUSSION

A.  Procedural Default

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition or such process is

unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 125 S.Ct. 1528, 1533-34 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Specifically, § 2254 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) "there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513;  Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).

A prisoner, such as Petitioner, challenging denial of parole is required to exhaust available state court remedies prior to seeking federal relief.  See Preiser v. Rodriguez, 411 U.S. 475 (1973);  Brown v. Fauver, 819 F.2d 395, 397-99 (3d Cir. 1987).  The exhaustion rule requires a petitioner to fairly present each claim to each level of the state courts.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Duncan v. Henry, 513 U.S. 364 (1995).  "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted).

When a claim has not been fairly presented to the state courts because state procedural rules bar the prisoner from obtaining relief in state court, the exhaustion requirement is satisfied because there is "an absence of available State corrective process." 28 U.S.C. § 2254(b). See McCandless, 172 F.3d at 260. "However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." Gray v. Netherland, 518 U.S. 152, 162 (1996).

To excuse the procedural default and allow federal habeas review of the procedurally defaulted claims, the petitioner must show "cause" for the procedural default and "prejudice" attributable thereto, or demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989); Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999). The "cause" standard requires a petitioner to show that some external objective factor impeded his or her efforts to comply with the state procedural bar. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Cause can be established by showing, for example, that the factual or legal basis for a claim was not reasonably available to counsel or that government interference made compliance with the procedural rule impracticable. Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004) (noting that "cause" typically involves a novel constitutional rule, a new factual predicate, hindrance by the state court in complying with the procedural rule, or constitutionally ineffective counsel).

In this case, the Appellate Division of the Superior Court of New Jersey dismissed Petitioner's appeal of the parole decision as untimely.[1] The dismissal of Petitioner's appeal as untimely constitutes a state procedural default of his federal claims which bars federal review of those claims in a habeas petition, absent cause and prejudice or a fundamental miscarriage of justice. Caswell v. Ryan, 953 F.2d 853, 860 (3d Cir. 1992). Petitioner apparently contends that his attorney's mistaken filing of a civil rights complaint in this Court, instead of a timely notice of appeal in the Appellate Division, constitutes "cause" for filing an untimely notice of appeal. The petitioner in Coleman v. Thompson similarly maintained that his late filing of a notice of appeal in state court was the result of attorney error. The Coleman Court rejected the argument, finding that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." Coleman, 501 U.S. at 753 (citations and internal quotation marks omitted).

Therefore, to the extent that Petitioner's failure to file a timely appeal resulted from attorney error, Petitioner has not established "cause." Id. To the extent that Petitioner was acting pro se when he failed to file a timely notice of appeal in the Appellate Division, his own ignorance is not "cause". Neither a pro se prisoner's ignorance of the procedural rule nor inadvertence satisfies the cause standard. Murray, 477 U.S. at 485-87; see also Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) (failure of the state court to "bend the rules"for a pro se litigant

---

[1] The New Jersey Supreme Court's denial of certification without explanation did not remove the procedural default. Where one state judgment rejects a petitioner's federal claims on state procedural grounds, "later unexplained orders upholding that judgment or rejecting the same claims rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

is not cause).  In short, because Petitioner has failed to allege the existence of an external impediment which prevented him from filing a timely appeal from the parole decision, he has not established cause for his procedural default.

Petitioner does not argue that there was a fundamental miscarriage of justice, which generally "requires a petitioner to establish 'actual innocence' by proving 'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Slutzker v. Johnson, 393 F.3d 373, 381 n.7 (3d Cir. 2004) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).  As Petitioner procedurally defaulted his federal claims in the New Jersey courts and he has not shown cause and prejudice or a fundamental miscarriage of justice, Petitioner's claims are barred on habeas review and this Court is constrained to dismiss the Petition with prejudice.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice and denies a certificate of appealability.


               s/Freda L. Wolfson
               FREDA L. WOLFSON, U.S.D.J.


DATED:   January 30, 2006